# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Wojciech J Hornik** | **Judgment in a Criminal Case**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:  **1:10CR03247-001JB**<br>USM Number: **40192-051**<br>Defense Attorney: **Joseph Gandert, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec 841(b)(1)(B) | Possession with Intent to Distribute 100 Kilograms and More of Marijuana | 07/10/2007 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 23, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 21, 2011**
Date Signed

Defendant: **Wojciech J Hornik**
Case Number: **1:10CR03247-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **12 months and 1 day or time served, whichever is less** .

**Defendant Wojciech J. Hornik, pursuant to a Plea Agreement, filed July 26, 2011 (Doc. 88) pled guilty to the Indictment, filed December 1, 2010 (Doc. 47), charging a violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B), that being Possession with Intent to Distribute Over 100 Kilograms of Marijuana. The Plea Agreement stipulates to a base level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7), because at least 100 kilograms but less than 400 kilograms of marijuana are attributable to Hornik. See Plea Agreement ¶ 10(a), at 4. The parties stipulated that Hornik may be eligible for the safety valve provision of U.S.S.G. § 5C1.2, which would entitle Hornik to a 2-level reduction in the base offense level. See Plea Agreement ¶ 5, at 2-3. The parties agree that Hornik had minimal involvement in the criminal conduct at issue and that, pursuant to U.S.S.G. § 3B1.2, Hornik is entitled to a 4-level minor role reduction. See Plea Agreement ¶ 10(b), at 4. Additionally, the parties agree that Hornik has clearly demonstrated a recognition and affirmative acceptance of personal responsibility such that he is entitled to a 3-level reduction pursuant to U.S.S.G. § 3E1.1. See Plea Agreement ¶ 10(c), at 4. Pursuant to the rule 11(c)(1)(C), the parties agree that a specific sentence of twelve months and one day is the appropriate disposition of the case. See Plea Agreement ¶ 6, at 3.**

**The United States Probation Office ("USPO") disclosed a Pre-Sentence Investigation Report ("PSR") for Hornik on August 8, 2011. The PSR recognized that Hornik was entitled to a 2-level reduction in base offense level pursuant to U.S.S.G. § 5C1.2(a), a 4-level reduction in base offense level pursuant to U.S.S.G. § 3B1.2, and a 3-level reduction in base offense level pursuant to U.S.S.G. § 3E1.1. See PSR ¶¶ 26, 28, 32, at 8-9. In the PSR, the USPO calculated the offense level to be 17 and the criminal history category to be I, which establishes a guideline imprisonment range of 24 to 30 months.**

**The Court has reviewed the PSR`s factual findings with care. There not being any objections to those findings, the Court will adopt those as its own. Additionally, given that the parties do not object to the sentencing guideline applications in the PSR, the Court adopts the sentencing calculation in the PSR as its own. The Court accepts the parties` stipulation to Hornik`s minor role in the underlying criminal activity and to Hornik`s acceptance of responsibility. Accordingly, the Court will downwardly adjust 4 levels pursuant to U.S.S.G. § 3B1.2, minor role adjustment, and 3 levels pursuant to U.S.S.G. § 3E1.1, adjustment for acceptance of responsibility. Before any variance, the offense level is 17 with a criminal history category of I, establishing a guideline imprisonment range of 24 to 30 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the Plea Agreement, which includes a specific sentence of twelve months and one day, as the Court is satisfied that the agreed sentence varies from the guideline range for justifiable reasons. The Court notes that on July 10, 2007, Hornik was found in possession of 226.02 net kilograms of marijuana with intent to distribute in McKinley County, New Mexico.**

**The Court has carefully considered the guidelines, but in arriving at its sentence has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court considers the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully reviewing the PSR as well as the argument of counsel at the sentencing hearing, the Court concludes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court considered the kinds of sentences and ranges established by the guidelines, and the Court believes that the sentence to which the parties agreed is adequate to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public. Because the Court will include supervised release in case Hornik is able to stay in the United States, the sentence will provide him with some needed education, training and care to prevent this problem from recurring in the future. The Court believes that the sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). Additionally, the United States has pointed to some in the weaknesses of its case were it to proceed to trial and the age of the case indicates that there are some defenses available to Hornik. The Court has, in the past, held that weaknesses in the United States` case may be grounds for a variance, because some punishment is more just than no punishment at all. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes a sentence of twelve months and one day is reasonable. This sentence is more reasonable than the guidelines range and is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Wojciech J Hornik**
Case Number: **1:10CR03247-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**Said term shall be unsupervised if the Defendant is deported; said term shall be supervised if the Defendant is not deported.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Wojciech J Hornik**
Case Number: **1:10CR03247-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting narcotics, weapons, and illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

As to Standard condition No. 5 shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.

As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.

The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.

The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include druge testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The Defendant shall not obtain or maintain employment as a long-distance truck driver without the prior approval of the probation officer.

The Defendant shall comply with all United States Immigration and Customs Enforcement laws.

The Defendant shall comply with all Immigration and Customs Enforcement laws.

Defendant: **Wojciech J Hornik**
Case Number:  **1:10CR03247-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A    ☒ In full immediately; or
B    ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.